UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROY L. PEARSON, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 19-cv-2576 (KBJ) |
| ELISABETH DEVOS, *in her official capacity as Secretary of Education*, et al., | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

On August 27, 2019, Roy Pearson, Jr., filed a complaint against Elisabeth DeVos, in her official capacity as Secretary of the Department of Education ("the DOE"), alleging that the agency violated section 706(2) of the Administrative Procedure Act when its hearing officer overruled Pearson's objection to certain offsets that the DOE had applied to Pearson's tax refunds.  (*See* Compl., ECF No. 1, ¶ 95.) After the DOE filed the relevant administrative record (*see* Admin. Record, ECF No. 12), Pearson moved to supplement the record on the grounds that it was manifestly incomplete (*see* Pl.'s Mot. to Supp., ECF No. 10, at 2) (asking the Court to supplement the record with an additional 59 pages of relevant material that "should have been" reviewed by the DOE's hearing officer).)  In response to Pearson's motion to supplement, the DOE has essentially conceded the issue (*see* Def.'s Mot. to Remand, ECF No. 19, at 2 (admitting that "supplementation of the record is necessary")), and, in fact, has located an additional 1,200 pages of material that the agency believes should have be included in the administrative record (*see* Def.'s Response to Pl.'s Mot. to

Supp., ECF No. 18, at 1). Given this, the DOE now requests that the Court remand the case to the agency to permit it to "reconsider fully all the issues [Pearson] raised" in light of the additional record material; the DOE also notes that it "intends to expedite this matter" and "render a new decision within 60 days." (*See* Mot. to Remand at 2).

In his opposition to the DOE's motion to remand, Pearson maintains that "[r]emand is unnecessary where, as here, all of the *essential* evidence . . . was before the agency when it ruled[.]" (*See* Pl.'s Opp'n to Def.'s Mot. to Remand, ECF No. 21, at 2 n.1.) Pearson has further supplemented this argument against remand by filing a document erroneously captioned "Motion to Strike," in which he insists that the agency's request was "[i]n clear defiance" of this Court's scheduling order, which did not set a deadline for any motion to remand. (Pl.'s Mot. to Strike, ECF No. 20, at 3.)[1]

Pearson's objection to this Court's remanding the matter to the agency to permit it to render a new decision under the circumstances presented here—*i.e.*, where Pearson himself requested supplementation of the administrative record, and where the agency has not only located additional documents but has also admitted error in failing to review those additional, relevant record materials—lacks any reasonable basis or foundation, and there is no prejudice to Pearson in authorizing this course of action. *See Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017) (explaining that a voluntary remand request may be granted "when the agency intends to take further action with respect to the original agency decision on review"). Moreover, principles

---

[1] Pearson's "motion to strike" (ECF No. 20) is properly construed as a supplemental opposition to the Department's motion to remand, because there is no mechanism for "striking" another party's motion under the Federal Rules of Civil Procedure. *See Bond v. ATSI/Jacksonville Job Corps Ctr.*, 811 F. Supp. 2d 417, 421 (D.D.C. 2011) (explaining that, because "a motion is not a pleading[,]" a party's "motion to strike a motion may be considered instead as an opposition.").

of judicial economy counsel in favor of affording the DOE a reasonable opportunity to consider all records that Pearson himself believes are relevant, instead of having this Court consider them in the first instance as part of its own review of the propriety of the challenged agency action.  *See, e.g.*, *Muwekma Ohlone Tribe v. Kempthorne*, 452 F. Supp. 2d 105, 123 (D.D.C. 2006).

Consequently, it is hereby

**ORDERED** that the DOE's motion to remand the case to the agency voluntarily (*see* ECF No. 19) is **GRANTED**, and that Pearson's motion to supplement the administrative record (*see* ECF No. 10) is **DENIED AS MOOT**.[2]  The agency shall render its decision on or before Tuesday, April 28, 2020, and this Court will retain jurisdiction during the pendency of the remand.  It is

**FURTHER ORDERED** that the parties shall file a joint status report on or before Wednesday, May 27, 2020, including a schedule for further proceedings if necessary.

DATE:  February 27, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[2] This Court's decision to remand the matter to the agency to permit it to supplement the administrative record and review Pearson's objections moots Pearson's request that this Court undertake supplementation and consideration of those new materials in the first instance.